IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-68-D

UNITED STATES OF AMERICA )
)
v. ) **ORDER**
)
MATTHEW GERARD HENDY, )
)
Defendant. )

On November 18, 2010, pursuant to a written plea agreement, Matthew Gerald Hendy

("Hendy") pleaded guilty to conspiracy to possess with intent to distribute more than 50 kilograms

but less than 100 kilograms of marijuana (count one), money laundering (count three), and

possession of a firearm in furtherance of a drug trafficking crime (count four). See [D.E. 33, 40].

On February 15, 2012, the court held Hendy's sentencing hearing. See [D.E. 109, 110]. At the

hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See

Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Hendy's total offense level to be 31, his

criminal history category to be III, and his advisory guideline range to be 135 to 168 months'

imprisonment on counts one and three, and 60 months' consecutive imprisonment on count four.

See Statement of Reasons. After granting the government's motion under U.S.S.G. § 5K1.1 and 18

U.S.C. § 3553(e), and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the

court sentenced Hendy to 78 months' imprisonment on counts one and three to run concurrently, and

60 months' imprisonment on count four to run consecutively, for a total term of 138 months'

imprisonment. See id. [D.E. 109, 110]. Hendy did not appeal.

On May 6, 2015, Hendy moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 161]. Hendy's

new advisory guideline range on counts one and three is 108 to 135 months' imprisonment, based on a total offense level of 29 and a criminal history category of III. See Resentencing Report. Hendy requests a 63-month sentence on counts one and three to run consecutive to his 60-month sentence on count 4, resulting in a 123-month sentence. See id.; [D.E. 161].

The court has discretion to reduce Hendy's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hendy's sentence, the court finds that Hendy engaged in serious criminal behavior. See PSR ¶¶ 10–12. Hendy was part of a large marijuana trafficking organization that transported marijuana from Canada and New York to New Hanover County, North Carolina. Id. ¶ 10. In connection with the conspiracy, Hendy and Randolph Campbell were arrested on Interstate 95 in March 2008. Id. A North Carolina State Highway Patrol officer tried to stop Hendy for speeding, and Campbell (who was driving another car) attempted to distract the officer by swerving into the officer's lane. Id. Hendy was ultimately apprehended, and law enforcement seized $192,230 in U.S. currency, 35 grams of marijuana, and drug packaging material. Id.

In February 2009, two marijuana dealers sold approximately two kilograms of marijuana to Hendy and two associates. Id. Hendy and his associates shortchanged the dealers and fled in a car with the marijuana. Id. Later that evening, Hendy and his two associates were involved in a vehicle

2

pursuit with the Wilmington Police Department that resulted in the death of a Wilmington police officer. Id. Hendy was in the backseat during the pursuit. Id.

As part of the conspiracy, Hendy was accountable for possessing and distributing at least 158 kilograms of marijuana and 872 grams of cocaine, and possessing a firearm in furtherance of a drug trafficking crime. Id. ¶ 12. Moreover, Hendy is a recidivist who has prior convictions for driving while impaired, possessing marijuana, and trafficking cocaine. See id. ¶¶ 14–20. Nonetheless, Hendy has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hendy received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hendy's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hendy's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hendy's corrected motion for reduction of sentence [D.E. 161]. Hendy's motion for an expedited ruling [D.E. 167] is DISMISSED.

SO ORDERED. This 10 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge

3